**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **ALEXANDER SIERRA, individually and on behalf of all other persons similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PROGRESSIVE DIRECT INSURANCE COMPANY,**<br><br>**Defendant.** | ) | **Civil Action No. 12-30020-FDS** |

**MEMORANDUM AND ORDER**
**ON PLAINTIFF'S MOTION FOR REMAND**

**SAYLOR, J.**

This is a putative class action. Plaintiff Alexander Sierra alleges that defendant Progressive Direct Insurance Company maintained a website that, in effect, misled certain purchasers of automobile insurance policies—those who also had private health insurance—into purchasing policies with an $8,000 deductible for personal injury protection. The complaint alleges a class of "at least a few thousand people" who are similarly situated. (Compl. ¶ 45).

The case was originally filed in the Hampden Superior Court. Defendant removed the case to federal court pursuant to the Class Action Fairness Act of 2005, codified in relevant part at 28 U.S.C. § 1332(d). Plaintiff disputes whether the action was properly removable under the statute. The parties do not dispute that the named parties have the requisite diversity of citizenship and that the class includes at least 100 members. Plaintiff, however, contends that the $5 million amount-in-controversy requirement has not been met, and seeks remand on that

basis.

For the reasons set forth below, the Court concludes that the amount-in-controversy requirement has been satisfied. Plaintiff's motion to remand will therefore be denied.

## I. **Background**

The complaint in this action was filed in the Superior Court for Hampden County, Massachusetts, on December 28, 2011. At issue is defendant's practice of offering for sale automobile insurance policies on its website. Plaintiff asserts that the website automatically recommended a policy with an $8,000 personal injury protection deductible to potential purchasers who had indicated they were covered by private health insurance, without disclosing basic facts about the transaction. (Compl. ¶¶ 10-21). Plaintiff contends that defendant failed to disclose material facts about the offered coverage in violation of Mass. Gen. Laws ch. 175E. (Compl. ¶ 26). Plaintiff contends that this conduct constituted a deceptive business practice in violation of Mass. Gen. Laws ch. 93A § 2. (Compl. ¶¶ 51-60).

Defendant removed the action to this Court on January 27, 2012.[1]

## II. **Analysis**

### A. **The Jurisdictional Requirements of 28 U.S.C. § 1332(d)**

A class action may be removed to federal court if certain jurisdictional requirements are satisfied. *See* 28 U.S.C. § 1332(d). For present purposes, there are three such requirements: (1) diversity of citizenship, (2) a proposed class of 100 members or more, and (3) an amount-in-controversy of more than $5 million, exclusive of interest and costs. *Id.*

The first requirement is not in dispute. Plaintiff is a citizen of Massachusetts. Defendant

---

[1] Defendant was served with process on January 10, 2012.

is an Ohio corporation with a principal place of business in Ohio. For purposes of 28 U.S.C. § 1332(d)(2)(A), the parties are of diverse citizenship.

Likewise, the second requirement is met. As noted, the complaint alleges a class of "at least a few thousand people" who are similarly situated. (Compl. ¶ 45). *See* 28 U.S.C. § 1332(d)(5)(B).

The third requirement is that "the matter in controversy [must exceed] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Under the statute, "the claims of the individual class members may be aggregated" to determine whether the $5 million threshold has been met. 28 U.S.C. § 1332(d)(6).

The defendant, as the removing party, bears the burden of showing that the amount-in-controversy requirement is satisfied. *See Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009). This burden is not, however, a heavy one. *Manson v. GMAC Mortgage, LLC*, 602 F. Supp. 2d 289, 294 (D. Mass. 2009). The removing defendant must show a "reasonable probability that the amount in controversy exceeds $5 million." *Amoche*, 556 F.3d at 43. As a general matter, and because "questions of removal are typically decided at the pleadings stage where little or no evidence has yet been produced," the issue should be resolved without an extensive fact-finding inquiry or "mini-trial" about the amount in controversy. *Id.* at 50.

To ascertain the amount in controversy, a court may simply multiply (1) the putative class size by (2) a class member's typical damages. *See, e.g.*, *Manson*, 602 F. Supp. 2d at 294 (multiplying the class size by member's typical damages to calculate amount in controversy). Statutory damage multipliers, such as treble damages under Mass. Gen. Laws ch. 93A, may be considered as part of that analysis. *See, e.g.*, *Williams v. Litton Loan Servicing*, 2011 U.S. Dist.

LEXIS 90689, at *14 (D. Mass. Aug. 15, 2011) (trebling claimed damages alleged under Mass. Gen. Laws ch. 93A to calculate amount in controversy).

**B. <u>The Amount in Controversy Alleged in the Complaint</u>**

The complaint here alleges that plaintiff suffered $8,000 in damages (the amount of the deductible that he contends he was misled into purchasing). The complaint also alleges a class of "at least a few thousand people" who are similarly situated. (Compl. ¶ 45).

Because a named plaintiff purports to represent the putative class, his claimed damages normally provide an appropriate basis on which to calculate the damages of a typical class member. *See Manson*, 602 F. Supp. 2d at 294 (using named plaintiff's approximate damages amount of $8,000 to calculate amount in controversy because named plaintiff was representative of the class). A class representative cannot defeat federal jurisdiction simply by arguing that the typical class member's damages are unknown and the amount in controversy is therefore too speculative. *Descoteau v. Analogic Corp.*, 2009 U.S. Dist. LEXIS 95361, at *12 (D. Mass. Oct. 13, 2009) (rejecting plaintiff's argument that defendants' amount in controversy calculation rested on "pure speculation" because defendants produced no evidence as to other class members' damages).

Here, plaintiff contends that there is insufficient information as to the damages of other class members to make the requisite calculation. However, while that information is limited, it is not non-existent. As noted, plaintiff himself claims to be a typical class member, and alleges $8,000 in damages. Because the dispute involves an $8,000 deductible, surely a significant proportion of the class has the same claimed damages. Moreover, plaintiff, not defendant, has "better access to information about which plaintiffs are injured" and by how much. *See Evans v.*

*Walter Indus.*, Inc., 449 F.3d 1159, 1164 n.3 (11th Cir. 2006) cited in *Amoche*, 556 F.3d at 51. In his motion to remand, plaintiff identified $3,055 as the smallest amount of damages suffered by any known putative class member. *See* Mot. To Remand at 4. For the reasons noted below, even if the Court uses the lower figure of $3,055, the amount in controversy here is well in excess of $5 million.

Again, the complaint alleges that the class comprises "at least a few thousand people . . . ." (Compl. ¶ 45). The word "few" is surely plural, and normally means at least three. *See, e.g.*, *Cohen v. Samuel Bent, LLC*, 111 F. Supp. 2d 65, n.1 (D. Mass. 2000) ("a few means at least three . . ."). That means that there are at least 3,000 members of the alleged class.

If the typical plaintiff suffered $8,000 in damages, and there are at least 3,000 members in the class, the amount in controversy is at least $24 million. If the typical plaintiff suffered only $3,055 in damages, the amount in controversy is still more than $9 million. Indeed, the threshold is met even if the typical plaintiff suffered only $1,667 in damages. Furthermore, the complaint seeks treble damages under Chapter 93A. The typical class member could therefore have actual damages as low as $556 and the threshold would still be met.

Under the circumstances, that is sufficient.[2] The amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) has been satisfied, and the motion to remand will accordingly be denied.

## III. Conclusion

For the foregoing reasons, plaintiff's Motion to Remand is DENIED.

---

[2] The Court does not find it necessary to address defendant's other arguments in favor of federal jurisdiction.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: September 28, 2012